UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
REYNALDO ALMONTE and BENIGNO PACHECO,       Civil Action No.:

Plaintiffs,

-against-                       **COMPLAINT**

PORT DRAGO CORP. d/b/a DRAGO SHOE REPAIR
and CHARLES DRAGO, individually,        **JURY TRIAL REQUESTED**

Defendants.
------------------------------------------------------------------------X

Plaintiffs, Reynaldo Almonte ("Almonte") and Benigno Pacheco ("Pacheco") (collectively "Plaintiffs"), by and through their attorneys, Campolo Middleton & McCormick LLP, as and for their Complaint against Port Drago Corp. d/b/a Drago Shoe Repair ("Drago Corp.") and Charles Drago ("C. Drago") individually (collectively "Defendants"), allege as follows:

## PRELIMINARY STATEMENT

1.     Plaintiffs, who were former shoe shiners and shoe repairers for Defendants at their Port Authority Terminal store (the "Store"), bring this action to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et seq.* (the "FLSA"). Plaintiffs seek unpaid minimum wages, unpaid overtime, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§216(b) and 217, and other applicable federal law.

2.     Plaintiffs also bring this action to remedy violations of New York State Labor Law, including New York Labor Law §§190 *et seq.*, §§650 et seq. (the "NYLL"), and 12 N.Y.C.R.R. §142-2.2. Plaintiffs seek unpaid minimum wages, unpaid overtime, unpaid spread of hours, pre- and post- judgment interest, reasonable attorneys' fees and costs, liquidated

damages and other damages, and all other appropriate legal and equitable relief, pursuant to NYLL §§198, 663.

## JURISDICTION AND VENUE

3.    Jurisdiction of this Court over Plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

4.    Jurisdiction of this Court over Plaintiffs' NYLL claims is invoked pursuant to 28 U.S.C. §1367(a) as the NYLL claims are so related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5.    Venue is appropriate in this Court under 28 U.S.C. §1391(b) as the acts or events giving rise to the claims occurred within Southern District.

## PARTIES

6.    Almonte is an individual who resides in the County of Bronx, State of New York.

7.    Benigno is an individual who resides in the County of Brooklyn, State of New York.

8.    Drago Corp. is a domestic corporation in the shoe shining and repair industry.

9.    The corporate address listed for Drago Corp. is 625 8th Avenue, New York, New York 10018.

10.    The Chief Executive Officer listed for Drago Corp. is C. Drago, the individual Defendant in this action.

11.    As the Chief Executive Officer for Drago Corp., C. Drago has complete control of Drago Corp. and its operations.

12.    As the Chief Executive Officer of Drago Corp., C. Drago determines the salaries and work schedule of its employees, including but not limited to, shoe shiners and shoe repairers.

13.     C. Drago or an immediate family member of C. Drago was the individual who interviewed Plaintiffs.

14.     C. Drago or an immediate family member of C. Drago made the determination to hire Plaintiffs.

15.     C. Drago or an immediate family member of C. Drago told Plaintiffs what their job duties would be at Defendants.

16.     C. Drago or an immediate family of C. Drago told Plaintiffs what their work schedule would be at the Store.

17.     At all times relevant to this action, Drago Corp. was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

18.     Drago Corp. has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

19.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and the NYLL.

## **FACTUAL ALLEGATIONS**

**Plaintiff Almonte**

20.     For approximately twenty years until March 2020, Almonte worked at the Store as a shoe shiner.

21.     From the beginning of his employment until June 30, 2015, Almonte worked for Defendants from 6:00 a.m. until 6:30 p.m.

[3714-001/3437655]

22.     From July 1, 2015 until March 13, 2020, Almonte worked for Defendants from 6:00 a.m. until 11:30 a.m.

23.     During his employment, Almonte was never required to "clock in" or "clock out" at Defendants.

24.     During his employment, Almonte never received a break during his workday.

25.     During Almonte's employment with Defendants, even though Almonte was not exempt, Almonte was not paid proper wages in compliance with the FLSA and NYLL.

26.     Under the NYLL, employers are obligated to pay an extra hours' pay when employees work more than ten hours a day.

27.     Almonte worked more than ten hours a day for Defendants from the beginning of his employment until June 30, 2015.

28.     When Almonte worked more than ten hours a day, he was not paid an extra hours' pay.

29.     By failing to pay Almonte an extra hours' pay for when he worked ten hours or more, Defendants violated the New York Spread of Hours law.

30.     During the time he worked for Defendants, Almonte was paid a flat rate of $20.00 per day.

31.     By paying Almonte such a low flat daily rate, Defendants failed to pay him the lawful minimum wage or overtime wages he was entitled to in violation of the FLSA and NYLL.

32.     Even though Almote was paid in cash and not in compliance with the FLSA and the NYLL, Defendants provided Plaintiff with inaccurate paystubs.

33.     Upon information and belief, not a single paystub listed Almonte as ever having worked a single hour of overtime.

4

34.     Instead, the paystubs routinely listed Almonte as having worked fictitious hours for a fictious pay rate.

35.     For example, for the week ending on August 16, 2014, Defendants gave Almonte an inaccurate paystub listing him as having worked exactly 20 hours at a rate of $7.25 an hour.

36.     The paystubs incorrectly listed certain withholdings.  In reality, Defendants never withheld any monies listed on the paystubs from Almonte.

37.     Almonte never received the amounts listed on his paystubs as the only pay he received from Defendants was the $20.00 per day.

**Plaintiff Benigno**

38.     For approximately 2014 through March 2020, Benigno worked at the Store as a shoe shiner.

39.     From the beginning of his employment until March 13, 2020, Benigno worked for Defendants from 6:00 a.m. until 11:30 a.m.

40.     During his employment, Benigno was never required to "clock in" or "clock out" at Defendants.

41.     During his employment, Benigno never received a break during his workday.

42.     During Benigno' employment with Defendants, even though Benigno was not exempt, Benigno was not paid proper wages in compliance with the FLSA and NYLL.

43.     During the time he worked for Defendants, Benigno was paid a flat rate of $20.00 per day.

44.     By paying Benigno such a low flat daily rate, Defendants failed to pay him the lawful minimum wage in violation of the FLSA and NYLL.

[3714-001/3437655]

45.     Even though Benigno was paid in cash and not in compliance with the FLSA and the NYLL, Defendants provided Benigno with inaccurate paystubs.

46.     The paystubs routinely listed Benigno as having worked fictitious hours for a fictious pay rate.

47.     For example, for the week ending on January 18, 2020, Defendants gave Benigno an inaccurate paystub listing him as having worked exactly 20 hours at a rate of $11.35 an hour.

48.     The paystubs incorrectly lists withholdings.  In reality, Defendants never withheld any monies listed on the paystubs from Benigno.

49.     Benigno never received the amounts listed on his paystubs as the only pay he received from Defendants was the $20.00 per day.

## COUNT ONE

### (Failure to Pay Minimum Wages – FLSA)

50.     Plaintiffs reallege and incorporate by reference all previous paragraphs as if fully set forth herein.

51.     The FLSA requires employers to pay its employees at least federal minimum wage for all hours worked up to forty for each work week the employee performs work for the employer.

52.     During their employment, Defendants paid Plaintiffs a flat rate of $20.00 per day for all hours worked.

53.     At all relevant times, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiffs the required minimum wage rates.

54.     Plaintiffs seek damages for their unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

[3714-001/3437655]

## COUNT TWO

### (Failure to Pay Minimum Wages – NYLL)

55.     Plaintiffs reallege and incorporate by reference all previous paragraphs as if fully set forth herein.

56.     The NYLL requires employers to pay its employees at least state minimum wage for all hours worked up to forty for each work week the employee performs work for the employer.

57.     During their employment, Defendants paid Plaintiffs a flat rate of $20.00 per day for all hours worked.

58.     At all relevant times, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff the required minimum wage rates.

59.     Plaintiffs seek damages for his unpaid minimum wages, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT THREE

### (Failure to Pay Overtime Wages – FLSA)

60.     Plaintiffs reallege and incorporate by reference all previous paragraphs as if fully set forth herein.

61.     The FLSA requires that employers pay all employees at least one and one-half times the employee's wage for all hours worked in excess of forty during any workweek, unless they are exempt from coverage.

62.     During his employment, Almonte did not receive any pay from Defendants except the $20.00 per day despite him working in excess of forty hours per week from the beginning of his employment until June 30, 2015.

[3714-001/3437655]

63.     At all relevant times, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff the required overtime wages to which he is entitled.

64.     Almonte seeks damages for his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT FOUR

### (Failure to Pay Overtime Wages - NYLL)

65.     Plaintiffs reallege and incorporate by reference all previous paragraphs as if fully set forth herein.

66.     The NYLL requires that employers pay all employees at least one and one-half times the employee's wage for all hours worked in excess of forty during any workweek, unless they are exempt from coverage.

67.     During his employment, Almonte did not receive any pay from Defendants except the $20.00 per day despite him working in excess of forty hours per week from the beginning of his employment until June 30, 2015.

68.     At all relevant times, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff the required overtime wages to which he is entitled.

69.     Almonte seeks damages for his unpaid overtime wages, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT FIVE

### (Failure to Pay Spread of Hours - NYLL)

70.     Plaintiffs reallege and incorporate by reference all previous paragraphs as if fully set forth herein.

[3714-001/3437655]

71.     From the beginning of his employment until June 30, 2015, Almonte worked more than ten hours in a workday.

72.     Defendants willfully failed to compensate Almonte one hour's pay at the basic New York minimum hourly wage rate on days in which the length of his workday was more than ten hours, as required by New York law.

73.     Through their knowing or intentional failure to pay Almonte spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§650 *et seq.*, and the supporting New York State Department of Labor Regulations.

74.     Due to Defendants' willful violations of the NYLL, Almonte is entitled to recover from Defendants his unpaid spread-of-hour wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT SIX

### (Failure to Provide Wage Notices – NYLL)

75.     Plaintiffs reallege and incorporate by reference all previous paragraphs as if fully set forth herein.

76.     Defendants willfully failed to supply Plaintiffs with wage notices, as required by NYLL, Article 6, §195(1), in English or in the language identified by Plaintiffs in their primary language, containing Plaintiffs' rate, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191.

77.     Through their knowing or intentional failure to provide Plaintiffs notices required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 et seq.

78.     Based on Defendants' violations of the NYLL §195(1), Plaintiffs are entitled to recover from Defendants $5,000 each, pursuant to NYLL §198(1-b), as well as reasonable

attorneys' fees and costs.

## COUNT SEVEN

### (Failure to Provide Wage Statements – NYLL)

79.     Plaintiffs reallege and incorporate by reference all previous paragraphs as if fully set forth herein.

80.     Defendants willfully failed to supply Plaintiffs with accurate statements of wages as required by NYLL, Article 6, §195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

81.     Through their knowing or intentional failure to provide Plaintiffs the wage statements required by the NYLL, Defendants willfully violated NYLL, Article 6, §§190 et seq., and the supporting New York State Department of Labor Relations regulations.

82.     Based on Defendants' violations of the NYLL §195(3), Plaintiffs are entitled to recover from Defendants $5,000 each, pursuant to NYLL §198(1-d), as well as reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for relief as follows:

A.     Damages for all amount of unpaid wages, including minimum wages, overtime wages and spread of hours pay, under the FLSA and/or the NYLL;

B.     All liquidated damages in an amount equal to wages owed and other statutory remedies provided for under the FLSA and/or NYLL;

[3714-001/3437655]

C.      Compensatory damages, including those for pain and suffering;

D.      Pre- and post-judgment interest;

E.      Reasonable costs and attorneys' fees; and

F.      An award of such other and further relief as this Court deems necessary and

         proper.

Dated:  January 18, 2021
         Ronkonkoma, New York

                                        Respectfully submitted,
                                        **CAMPOLO, MIDDLETON**
                                        **& McCORMICK, LLP**


                                        */s/ Yale Pollack*
                                              Yale Pollack, Esq.
                                        *Attorneys for Plaintiffs*
                                        4175 Veterans Memorial Hwy., Ste. 400
                                        Ronkonkoma, New York 11779
                                        (631) 738-9100

[3714-001/3437655]